332 So.2d 449 (1976)
STATE of Louisiana
v.
Robert HUIZAR.
No. 57392.
Supreme Court of Louisiana.
May 17, 1976.
*450 Robert J. Zibilich, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Orleans Parish Grand Jury indicted the defendant Robert Huizar, for second degree murder in violation of LSA-R.S. 14:30.1. The jury found him guilty as charged and the judge sentenced him to life imprisonment. On appeal to this Court, the defendant consolidates his five assignments of error into three arguments. We find none of them to be meritorious, and we affirm the defendant's conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
The defendant complains that the trial court erred in overruling his motion for the production of certain material during the hearing on the Bill of Particulars and the Prayer for Oyer. The specific information sought and not granted was: (1) information about whether anyone other than the defendant or the victim had or used the gun at the time of the killing; (2) weapons that the State intended to introduce into evidence; (3) all physical evidence the State intended to introduce as well as information concerning the time and date when and the persons by whom and from whom it was taken; (4) medical reports of examinations conducted by the coroner's office reflecting the mental condition of the victim; and (5) results of all scientific tests conducted.
The defendant makes only a broad argument that much of the information denied him was exculpatory and that under the decision of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), he was therefore entitled to it. He also argues that the information sought which does not fall within the perimeters of Brady should have been given to him to enable him to properly prepare his defense. In support of this second argument he cites Azcona v. United States, 257 F.2d 462 (5th Cir. 1958).
In responding to the defendant's motion for a Bill of Particulars and his Prayer for Oyer, the State supplied the following information: the date, time of day, and location of the offense; the name and age *451 of the victim; the time and place of the victim's demise; that the death was caused by a gunshot wound to the head inflicted by the accused's pistol; a copy of the autopsy report; that no dangerous weapons were found on or near the person of the deceased; that the handgun used in the killing was not recovered; the details of the arrest, including the names of the arresting officers; a copy of the Rights of Arrestee form signed by the defendant; that no lineup was conducted; that the State had in its possession no written confessions; that the State intended to introduce an oral inculpatory statement made by the accused; the gist of an oral exculpatory statement made by the accused, that a friend of his shot the victim; that the State had no written exculpatory evidence; and the statute under which the prosecution was being conducted.
Insofar as the two requests seeking information about weapons are concerned, we note that the State offered no weapons into evidence at the trial. Additionally, the request for reports from the coroner's office was rendered moot when the State gave the defense a copy of the autopsy protocol; further, as the trial judge concluded, this information was available to the defense through the coroner's office, so there was no need to compel the State to disclose it. Under the jurisprudence, the defendant was not entitled to the other information sought. The Azcona case cited by the defense, a federal prosecution, is inapposite because the discovery rules in the federal courts, considerably more liberal than those existing in Louisiana, are inapplicable to state courts. The Official Revision Comment to Article 484 of the Louisiana Code of Criminal Procedure admonishes against the use of the Bill of Particulars as a "fishing expedition" for a recital of the details of the State's evidence or as a device to harass the State by demands for nonessential details. A defendant is entitled to know what the State intends to prove, but not the details of the evidence by which the State intends to prove its case. See, e.g., State v. Major, La., 318 So.2d 19 (1975); State v. Monk, La., 315 So.2d 727 (1975).
Finally, the granting of information sought in a motion for a Bill of Particulars is a matter that rests within the sound discretion of the trial judge, and his ruling will not be disturbed absent a clear showing of abuse, resulting in prejudice to an accused. See, e.g., State v. Nelson, La., 306 So.2d 745 (1975); State v. Vince, La., 305 So.2d 916 (1975). No adequate showing of an abuse of discretion or of prejudice to the defendant has been made in the instant case.
The assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant made these assignments of error in connection with a defense objection to the State's motion to declare one of the State witnesses a hostile witness, so that the State could impeach her. The witness was the wife of the murder victim and a sister of the defendant.
The relevant facts are these: The witness was with her husband at the time of the shooting. She testified at trial that she did not see who shot her husband or herself and did not see a gun anywhere. In response to a question by the district attorney, she stated that she did not recall making any statements to the police about having seen who fired the shots. Immediately thereafter, the district attorney moved to have the witness declared hostile; the defense attorney objected on the ground that no proper foundation had been laid. Out of the presence of the jury, the district attorney questioned the witness about specific statements she allegedly made the night of the shooting to various police officers, and she continued to deny any memory of having made the statements. The court overruled the objection *452 and recalled the jury. The district attorney asked the witness whether she remembered making any statements at the hospital or later about who shot her husband and herself. Again she responded that she did not remember making any statements to anyone, and that her only memories of the shooting incident were that she heard shots, saw her husband fall, and felt herself getting shot. Thereupon, the judge denied the State's motion to declare her a hostile witness.
The defendant argues that, although the State's motion was denied, prejudice had already resulted because of the questions the district attorney had propounded to the witness in the presence of the jury. However, a review of the transcript convinces us that the State never established during the course of the witness's testimony that she had in fact ever made any statements to the police, or that she had ever implicated her brother, the defendant, as the perpetrator of the crime. We hold that the defendant suffered no prejudice from these general questions. Consequently, under Article 921 of the Louisiana Code of Criminal Procedure, these assignments of error lack merit.

ASSIGNMENTS OF ERROR NOS. 7 AND 8
In these two assignments of error the defendant complains of the trial judge's ruling that an inculpatory statement made to Officer Varnado by the defendant at the time of his arrest was voluntary and admissible in evidence. He relies upon the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Officer Varnado testified that while he was handcuffing the defendant, whom he knew personally, and informing him that he was under arrest, the defendant began mumbling a confession to him. Immediately thereafter, he advised the defendant of his rights and asked him to relate again what had happened. The defendant did so without coercion, threats, or inducements.
It is apparent from the officer's unrefuted testimony that he had no time to inform the defendant of his rights because while he was in the process of doing so, the defendant, without being questioned, volunteered a confession. Spontaneous, volunteered statements given without coercion or custodial interrogation are not subject to exclusion because of non-compliance with Miranda's prior-warning requirements. State v. Thomas, La., 310 So.2d 517 (1975); State v. Hall, 257 La. 253, 242 So.2d 239 (1970).
Under the circumstances shown, the assignments of error have no merit.
For the reasons assigned, the conviction and sentence are affirmed.