351 So.2d 480 (1977)
STATE of Louisiana
v.
Elree J. THORNTON.
No. 59561.
Supreme Court of Louisiana.
October 10, 1977.
Rehearing Denied November 11, 1977.
*481 F. Irvin Dymond, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Elree J. Thornton was indicted for the second degree murder of Irma L. Jackson, in violation of R.S. 14:30.1. Defendant waived trial by jury, was tried by the court alone, and was found guilty as charged. He was sentenced to life at hard labor. He now appeals the conviction, relying upon three assignments of error.
Facts
The offense occurred in a residential area. Defendant found his wife, Mary Thornton, in an extremely nervous state *482 after an unsuccessful attempt to shoot herself, prompted by alleged harassment and threats she had received from her neighbor, Irma Jackson. Defendant took the gun from his wife and went outside where he found Mrs. Jackson in her driveway. As defendant testified, after a calm talk he saw Mrs. Jackson reach in her purse to get what he thought was a gun at which point he shot her repeatedly. Defendant deposited the gun in his garage, called police, and was subsequently arrested. He was removed a short distance from the scene by the arresting officer to avoid an angry crowd and was soon taken to police headquarters where a written confession was obtained.
Assignment of Error No. 1
In this assignment of error, defendant contends the trial judge failed to exercise his discretion by refusing to require answers to certain questions contained in an application for bill of particulars and in a prayer for oyer. In these questions defendant had requested (1) the names and addresses of all witnesses the State intended to use at trial, (2) a list of all physical evidence the State intended to use and the manner in which it was seized by police, (3) production of all written witness statements made against defendant which the State intended to use, (4) production of all physical evidence gained from any person, and (5) production of any photographs or drawings the State intended to use. The State had refused to answer these particular questions; the trial judge ruled at hearing that the answers provided were sufficient.
Defendant argues that the trial judge was merely ruling on the sufficiency of the answers as a matter of law without exercising the judicial discretion vested in him. Such, defendant contends, constitutes an abuse of discretion.
The purpose of a bill of particulars is to more fully inform defendant of the nature and cause of the charge against him with sufficient information to properly prepare his defense. C.Cr.P. 484. The bill of particulars, however, may not be used to discover details of evidence with which the State expects to prove its case. State v. Walker, 344 So.2d 990 (La.1977).
This court has repeatedly held that the granting of a motion for bill of particulars is a matter that rests within the sound discretion of the trial judge, and his ruling will not be disturbed absent a clear showing of abuse resulting in prejudice to the accused. See, e. g., State v. Huizar, 332 So.2d 449 (La.1976).
The trial judge's ruling as to the sufficiency of the answers, in which he did not specifically state the grounds on which he relied, does not eliminate the possibility that he exercised his discretion in addition to ruling on their legal sufficiency.
Furthermore, it has been held that the defense is not entitled to pretrial discovery of names of State witnesses, descriptions of physical evidence, witness statements, photographs, or physical objects (except in the case of narcotics evidence, State v. Migliore, 261 La. 722, 260 So.2d 682 (1972)). State v. Phillips, 343 So.2d 1047 (La.1977); State v. Ball, 328 So.2d 81 (La.1976). La. Acts 1977, No. 515, providing for more liberal discovery in criminal cases which might have required production of physical evidence and photographs, was not in effect at the time of the filing of the motion for bill of particulars or prayer for oyer or the rulings thereon.
This assignment is without merit.
Assignment of Error No. 2
Defendant alleges that the trial court erred in overruling a motion to suppress a written confession. He contends that the written confession was tainted, arguing that it was obtained through interrogation based on a previous oral confession given without defendant being advised of his Miranda rights.
No contention was made that defendant's written confession, obtained at police headquarters, was not made voluntarily or that defendant was subjected to coercion or threats. The argument is that the written *483 confession is a "fruit of a poisonous tree" since the interrogating officers based their questions on information given by the arresting officer, Robert Law, that defendant had orally confessed to shooting the victim.
The testimony is somewhat conflicting. Officer Roland Brown, who asked a series of questions of defendant from which he elicited the confession, testified that although he was informed by Officer Law that defendant had stated he shot the woman, he did not base his interrogation on that information. However, Officer Fred Dantagnan, present at the interrogation but not personally questioning the defendant, testified that the information probably formed the basis of questions regarding what happened initially.
Even if the interrogation was based on information provided by Officer Law, we find that the oral confession was not illegally obtained. The record reveals that defendant approached Officer Law upon his arrival at the scene, told him he shot a woman, and led the officer to where the body lay. The statement was unsolicited and spontaneously given. Spontaneous, voluntary statements, not given as a result of custodial questioning or compelling influence, are admissible into evidence in spite of noncompliance with Miranda's prior warning requirements. State v. Huizar, supra; State v. Thomas, 310 So.2d 517 (La.1975); State v. Holmes, 305 So.2d 409 (La.1974).
Defendant implies that the oral confession was obtained after arrest when no Miranda warnings had been given to defendant. Officer Law, however, testified that upon arrest and before defendant made any other statements regarding the homicide, he was orally advised of his Miranda rights. The question of whether or not Officer Law gave defendant Miranda warnings after his arrest is immaterial. Both interrogating officers indicated that the information conveyed to them was based on defendant's statement made upon Officer Law's appearance on the scene, not on any statements defendant made later. Furthermore, Law stated he told no one of what ensued in his conversations with defendant after arrest. Defendant also does not deny that the oral confession was made.
Since defendant's oral confession was spontaneous and voluntarily given, it was legally obtained even without Miranda warnings. Hence, if the written confession resulted from interrogation based on information regarding the oral confession, it was likewise legally obtained.
The assignment is without merit.
Assignment of Error No. 3
Defendant alleges error in the trial judge's holding that his written confession was voluntary and therefore admissible since his requests to obtain use of the telephone were denied. Defendant contends he intended to check on his wife's mental state and safety and to obtain an attorney.
Defendant testified that upon his arrest he asked Officer Law if he could make a phone call, which request was denied. Law admitted that such a request was made but testified that he informed defendant his call could be made upon his arrival at police headquarters. At the time of his request, defendant was being detained in a police car about a block from the scene of the offense for the purpose of protecting him from the threats of an angry crowd that had gathered. Under the circumstances, Officer Law's behavior was reasonable. Further, it would have made little sense for the officer to stop on his way to police headquarters to permit defendant's use of a telephone when the defendant would be able to make his call upon arrival.
Officer Law left defendant with the interrogating officers, Brown and Dantagnan, returning to his district without advising them of defendant's desire to make a phone call. Defendant testified that he asked the interrogating officers for the opportunity to make his call but was told he would have to wait until his statement about the crime was made. His testimony, however, is in conflict with that of Brown and Dantagnan. Officer Brown testified that defendant was advised of his right to *484 make a phone call, that he did not tell defendant he would have to wait until after a statement was given, and that no request to make a call was ever made. This was corroborated by Officer Dantagnan's testimony that defendant never asked permission to use the telephone.
Voluntariness of a confession is a question of fact and the trial judge's ruling thereon, based on conclusions of credibility and weight of the testimony, is given great weight. It will not be disturbed on appeal unless clearly unsupported by the evidence. State v. Simmons, 340 So.2d 1357 (La.1976); State v. Stewart, 325 So.2d 819 (La.1976); State v. White, 321 So.2d 491 (La.1975). We find no such error in the trial judge's ruling.
Furthermore, the record does not reflect any prejudice suffered by defendant by his failure to make his call until after interrogation. Defendant admits having been read his Miranda rights by the interrogating officers, and that he voluntarily signed a form waiving those rights, including his right to have counsel present during questioning or giving of any statement. Defendant also testified that he was well treated by the officers and that his statement was given freely, which militates against a conclusion that the officers refused to permit his use of the telephone.
The assignment lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.