365 So.2d 1263 (1978)
STATE of Louisiana
v.
Daniel W. BURCH and Wrestle, Inc., d/b/a Midtown News.
No. 62127.
Supreme Court of Louisiana.
November 13, 1978.
Concurring Opinion January 26, 1979.
*1264 Jack Peebles, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Wrestle, Inc. and its president, Daniel Burch, with two counts of displaying and exhibiting obscene material. LSA-R.S. 14:106. The six-person jury unanimously found Wrestle, Inc. guilty as charged as to one count but acquitted it as to the other. Burch was acquitted on both counts. The trial court sentenced Wrestle, Inc. to pay a fine of one thousand dollars, plus court costs. The defendant relies upon four assignments of error for reversal of its conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
The defendant argues that the trial court erred in overruling its motion to quash. In that motion, the defendant alleged that a prior adversary judicial hearing on the obscenity of the two magazines in question had not been held as required by LSA-R.S. 14:106F(1). That statute mandates that a prior hearing must be held unless the materials in question "show actual ultimate sexual acts or simulated or animated ultimate sexual acts when there is an explicit, closeup depiction of human genital organs so as to give the appearance of the consummation of ultimate sexual acts." The defendant also contends that the term "ultimate sexual acts" is unconstitutionally vague and overbroad.
In State v. Gambino, La., 362 So.2d 1107 (1978), this Court dealt with the identical issue. In that case, the material at issue was photographs in a magazine entitled "National Screw," which depicted women engaged in the act of cunnilingus. The Court held that the term "ultimate sexual acts" was not constitutionally vague or overbroad and that the term applied to depictions of cunnilingus. Since the material consisted of photographic depictions of ultimate sexual acts, the Court also held that a prior adversary hearing was not required.
In the instant case, the magazine is "Sex Bizarre" and contains explicit photographs of cunnilingus and fellatio. Applying the rule in State v. Gambino, supra, we hold that the trial court correctly ruled that a prior adversary hearing was unnecessary.
The second contention is that the Bill of Information failed to charge an offense punishable under a valid statute. The defendant argues that Louisiana Code of Criminal Procedure Article 782, permitting conviction by a non-unanimous six-person jury, offends the right to the jury trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. We disagree. Recently, this Court rejected this contention and upheld the constitutionality of Louisiana's six-person jury system. State v. Wrestle, Inc., La., 360 So.2d 831 (1978).
Finally, the motion to quash challenged the constitutionality of LSA-R.S. 14:106 under the state constitution. The *1265 defendant contends that the terms "contemporary community standards," "prurient interest," and "patently offensive" are so indefinite as to render LSA-R.S. 14:106 unconstitutional, because a person of ordinary intelligence could not determine what conduct was governed by the statute. The defendant further argues that these terms do not provide adequate objective criteria, thus delegating to the jury a legislative function. The identical issue was raised in State v. Wrestle, Inc., supra, wherein this Court stated:
"The Louisiana obscenity statute, in the portions quoted in this opinion . . clearly complies with the federal constitutional requirements of regulating only specifically defined sexual conduct, limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray this conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value. Miller v. California, 413 U.S. 15, 25, 93 S.Ct. 2607, 2614-15, 37 L.Ed.2d 419 (1973). (Likewise, our statutory guidelines for the trier of fact comply with the federal constitutional standard for factual determination of obscenity, including by the use of contemporary community standards. Id.)
"As Miller notes, compliance of a state statute with these constitutional prerequisites `will provide fair notice to a dealer in such materials that his public and commercial activities may bring prosecution.' 413 U.S. 28, 93 S.Ct. 2616-17. We are satisfied that such notice not only satisfies federal due process but also similar notice requirements of our state constitution."
The trial court properly overruled the defendant's motion to quash. We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 2
Defense counsel filed a motion for a bill of particulars in which he asked the State to furnish the following information:
"Please state whether the material alleged to be obscene appeals to the prurient interest of the average person or to some deviant group. If it is alleged that the material appeals to the prurient interest of some deviant group, please identify such group."
"Please state what the community standard is within the appropriate community relative to (1) the prurient appeal and (2) the patent offensiveness of the materials alleged to be obscene."
Both matters relate to issues of fact to be determined by the jury as the trier of facts. It is immaterial whether the magazines appealed solely to a deviant sexual group or to the public at large. Miskin v. New York, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966). Likewise, the contemporary community standard is an issue at the trial. Neither request was directed to the nature or cause of the charges against the defendants. Instead, these requests would require the State to disclose the details of its evidence. The granting or refusal of a bill of particulars is within the sound discretion of the trial court; the ruling will not be disturbed unless a clear abuse of that discretion is shown. LSA-C.Cr.P. art. 484; State v. Meunier, La., 354 So.2d 535 (1978); State v. Thorton, La., 351 So.2d 480 (1977). We find no abuse of discretion in the present case.

ASSIGNMENT OF ERROR NO. 3
The defendant Burch testified at trial and related the steps he took to ascertain what the community standards were in the metropolitan area of New Orleans. He stated that he discussed the matter with several attorneys and visited ten to fifteen bookstores in Orleans and Jefferson Parishes which sold adult reading material. Burch also testified that he relied upon the ruling of the Orleans Parish Criminal District Court in State v. Baronne Bookstore, District Court Docket No. 359-628 (May 4, 1977), holding that several magazines were not obscene. The defense then introduced those magazines into evidence.
During the State's cross-examination of Burch, the prosecutor questioned him concerning his reliance on State v. Baronne Bookstore, supra. After the witness reiterated that he relied upon that ruling, the *1266 State elicited testimony concerning three other obscenity prosecutions in the Orleans Parish Criminal District Court. The witness recalled one of these prosecutions because Wrestle, Inc. was the defendant in it. Burch denied any knowledge of the other two cases. The State then introduced documents from these proceedings, establishing that the Orleans Parish Criminal District Court had found specific magazines to be obscene. The defense objected to this evidence as irrelevant.
In the presentation of its case, the defense elicited testimony of a recent proceeding in the Criminal District Court and undertook to show that the community had a very permissive attitude towards sexually explicit material. Burch testified that he believed that the community accepts sexually explicit magazines if children are not depicted in the material, and children are not allowed to purchase them. The reference to State v. Baronne Bookstore, supra, tended to support this conclusion. The State had a right to rebut this testimony. The defendant had initiated the line of inquiry.
The trial court's determination of relevancy will not be disturbed in the absence of a clear abuse of that court's discretion. State v. Weems, La., 358 So.2d 285 (1978); State v. Winston, La., 343 So.2d 171 (1977); State v. Gallow, La., 338 So.2d 920 (1976). This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
During his rebuttal argument, the prosecutor stated:
"He tells you about Judge Winsberg's ruling, but he doesn't tell you about a ruling against his own corporation that occurred in July, some six weeks before he was arrested on this particular charge, where this Court, this Section of Court, this judge, told him that six publications that he was handling were, in fact, obscene. And he is put on notice thereby to check what he is selling . . ."
The defense objected, arguing that the prosecutor was imposing upon defendant a duty to inspect the store's inventory. Relying upon Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), the defendant contends that he has no duty to inspect his stock to ascertain whether the various publications are obscene.
The Smith case dealt with a state statute imposing strict criminal liability on bookstore owners and eliminating scienter, or knowledge, as an element of the crime of selling obscene materials. The United States Supreme Court struck down the statute because of the elimination of scienter, stating:
"We need not and most definitely do not pass today on what sort of mental element is requisite to a constitutionally permissive prosecution of a bookseller for carrying an obscene book in stock . . [or] whether there might be circumstances under which the State constitutionally might require that a bookseller investigate further, or might put on him the burden of explaining why he did not, and what such circumstances might be. Doubtless any form of criminal obscenity statute applicable to a bookseller will induce some tendency to self-censorship and have some inhibitory effect on the dissemination of material not obscene, but we consider today only one which goes to the extent of eliminating all mental elements from the crime."
The State had the burden of establishing scienter. The State need not, however, show the defendant knew the legal status of the materials to be obscene. It is sufficient that the State show the defendant either knew or had reason to know the nature of the materials exhibited for distribution. Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968); Miskin v. New York, supra. The prosecutor properly pointed out that the defendants had prior notice of the court ruling that some materials in their store were obscene.
This assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
*1267 DIXON, J., dissents.
CALOGERO, J., dissents. See dissent in State v. Gambino, 362 So.2d 1107 (1978).
DENNIS, J., concurs and will assign reasons.
DENNIS, Justice, concurring.
I respectfully concur, being unable to join in the majority opinion because a majority of this Court has again refused to give an authoritative interpretation of the term "ultimate sexual acts" contained in the obscenity statute. However, the photographs in question in the instant case depict conduct which falls within any reasonable definition of ultimate sexual acts, including the definition suggested by my concurring opinion in State v. Gambino, 362 So.2d 1107, 1113 (La.1978).