GROVER L. COVINGTON, Chief Judge.
Melvin Stout was charged by indictment with one count of obscenity in violation of LSA-R.S. 14:106 and one count of crime against nature in violation of LSA-R.S. 14:89. Stout pled not guilty, and filed a motion to suppress physical evidence and a motion to quash the indictment. These motions were denied. Thereafter, Stout was tried by jury and convicted as charged on each count. The trial court sentenced Stout to concurrent two year terms of imprisonment at hard labor.
Defendant brings this appeal urging three assignments of error:
I. The evidence is insufficient to support the conviction.
2. The trial court erred in denying defendant’s motion to quash.
3. The trial court erred in denying defendant’s motion to suppress.
Assignment of error number one has not been briefed and is thereby considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
The record reflects that during 1983, defendant was employed as manager of the Tyme Kolor store, an appliance rental facility located in Bogalusa, Louisiana. In March of 1983, Bogalusa law enforcement officers received information from an informant who specified she had been filmed by defendant while she engaged in “hard core sexual conduct,” including fellatio and use of a dildo or vibrator. This informant stated that she had received compensation for the film and had been advised by defendant that the film would be sold if it were of marketable quality.
During 1983, law enforcement officers were approached by other female informants who stated that defendant had offered to forgive debts and to give other forms of compensation in exchange for sexual activity or for making “hard core” movies, including sexual intercourse.
In April of 1983, an informant reported that she had been shown “hard core” films at the Tyme Kolor store, which showing was characterized as an instructional session for the purpose of familiarizing future film subjects with the type of action desired by defendant.
On May 4, 1983, a woman, who was wired with a microphone for monitoring by law enforcement officers, engaged in conversation with defendant at the Tyme Ko-lor store. During the conversation, defendant proposed that she make a film including fellatio, sexual intercourse and other sexual acts for compensation. Defendant promised her that the film would be sold outside the Bogalusa area.
Based on this information, a search warrant was procured and executed that night. Seized at the Tyme Kolor location were 21 video cassettes, an electric vibrator and a dildo. The instant charges derive from action depicted on one of the seized video cassettes; the film on that cassette, taken as a whole, formed the basis of the charges of obscenity and of crime against nature.
ASSIGNMENT OF ERROR NO. 3 (Argument No. 1 in Brief):
By this assignment defendant contends that the trial court erred when it failed to suppress the physical evidence seized as a result of execution of the search warrant since the affidavit in support of the warrant failed to show probable cause on its face.
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La.Const. art. 1, Section 5 (1974); LSA-C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affi-ant’s knowledge and of which he has rea *584 sonably trustworthy information, are sufficient to support a reasonable belief that a crime has been committed. State v. B.G. N.O., Incorporated, 371 So.2d 776, 779 (La.1979), states:
Where the materials sought to be seized may be protected by the first amendment, the requirements of the fourth amendment must be applied with “scrupulous exactitude.” [Citations omitted.] In such a case, the police must supply factual information in the application for the warrant sufficient to convince the magistrate that the materials to be seized are probably obscene.
In the instant case, the issue is whether the affidavit in support of the search warrant was sufficient to have permitted the seizure of the obscene video cassettes for the purpose of preserving them as evidence in this criminal proceeding.
An unidentified informant may provide adequate information to establish probable cause for a search warrant, so long as the basis for the information and the informant’s reliability, when examined under the totality of circumstances, are established. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
In examining the totality of circumstances, we note that the affidavit clearly sets forth the basis of the affiant’s knowledge.[1] The issuing magistrate was informed of the underlying circumstances from which the informant(s) knew that defendant was involved in the ongoing production of obscene video cassettes for sale and/or distribution. This provided an adequate basis to assure that the informant(s) obtained the information by personal observation and not through mere rumor.
In State v. Paciera, 290 So.2d 681 (La.1974), the Louisiana Supreme Court noted that specific independent corroboration of the accuracy of a report by an unidentified informant supports the credibility and reliability of the unidentified informant. In the instant case, the affidavit reveals that the affiant corroborated defendant’s business address and the subject matter of his filming activity by independently monitoring a conversation between defendant and an unidentified informant.
Considering all of the relevant circumstances, we conclude that the issuing magistrate had a reasonable basis for finding the informants)’ information reliable.
In addition, because of the continuing course of activity at the Tyme Kolor store, there was a fair inference from the affidavit that defendant was using that location to store his work product. Besides, at the time of seizure these materials were not in the public domain, and there existed little likelihood of obtaining a copy of any video cassette for viewing by the affiant or the magistrate.[2] Due to this impediment, the affiant was unable to detail each scene depicted. Nevertheless, the affidavit leaves a clear impression that hard core sexual conduct, which included *585 fellatio and sexual intercourse, was the sole focus of the video cassettes.
Based on our review of the affidavit, we find that the police officers supplied factual information more than sufficient to have convinced the issuing magistrate that the materials to be seized were definitely obscene. Hence, the trial court did not err in denying defendant’s motion to suppress.
This assignment of error is without merit.
ASSIGNMENT OP ERROR NO. 2 (Argument No. 2 in Brief):
By this assignment defendant contends that the trial court erred in denying his pretrial motion to quash, in which he argued that LSA-R.S. 14:106 F required the state to provoke an adversary hearing to have the video cassettes declared obscene before he could be arrested or prosecuted.
The cited statute provides for a judicial determination that certain “motion pictures, printed materials, and photographic materials” are obscene before an exhibitor or distributor can be arrested and prosecuted for displaying or selling those materials. However, Section F(l) of the obscenity act creates an exception, permitting an arrest and prosecution without a prior adversary hearing when the obscene material shows “actual ultimate sexual acts or simulated or animated ultimate sexual acts when there is an explicit, closeup depiction of human genital organs so as to give the appearance of the consummation of ultimate sexual acts.”
Moreover, the Louisiana Supreme Court has held that since an adversary hearing is not constitutionally required before criminal liability may attach and prosecution may be instituted, the Legislature can properly restrict the added protection to only “non-hard core” printed matter, photographs and motion pictures. State v. Walters, 440 So.2d 115 (La.1983).
By this assignment defendant does not question that the tape at issue depicts “actual ultimate sexual acts” as set forth in Section F(l) of the obscenity act.[3] Rather defendant argues that the material in question does not fall within the hearing exception because video cassettes are not “motion pictures, printed materials or photographs”. To the contrary, we find that a video cassette falls squarely within the category of “motion picture” as it is a tangible series of pictures in rapid succession which produces a continuous picture in which persons and/or objects move. The essential feature of these categories is not the method of production, but rather, the tangible result.
This assignment of error is without merit.
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. The affidavit executed on May 4, 1983, provides in pertinent part as follows:
In March, 1983 Melvin Stout filmed a female informant in hard core sexual conduct including fellacio [sic] and use of a vibrator or dilbo [sic]. She was informed that the films would be sold by Stout.
On May 4, 1983 an informant with a microphone monitored and taped by Jimmy Rayburn and other officers met with Melvin Stout at this location (The Tyme Kolor store]. Melvin Stout proposed that she make a film involving fellacio [sic], sexual intercouse [sic], and other sexual acts for compensation. She was told the films would be sold by him outside of the Bogalusa area. This took place at 536 Columbia Street, Tyme Kholor store [sic].
Two other incidents were reported to William J. Burrus and Mike Edwards by persons who would have debts forgiven by Melvin Stout for filming or sexual activity.
Approximately two weeks ago an informant related that she saw hard core films in this location at 536 Columbia Street and they were used to show persons what Melvin Stout wanted them to do.

. Defendant was not operating either a store or a motion picture theater with the public invited to purchase or lease material or to view screenings. This was an “underground operation" in hard core pornography not intended to be available to the general public as distribution apparently targeted a non-local market.

. Although not required to do so, the trial court viewed each of the three video .tapes upon which prosecutions were instituted and determined that each was in fact obscene. See, e.g., State v. Gambino, 362 So.2d 1107 (La.1978), cert. denied, 441 U.S. 927, 99 S.Ct. 2042, 60 L.Ed.2d 402 (1979), overruled in part on other grounds by, State v. Walden Book Company, 386 So.2d 342 (La.1980), and State v. Burch, 365 So.2d 1263 (La.1978), wherein the scope of the term “ultimate sexual acts" is explored.