GARRISON, Judge.
These two cases have been consolidated for appeal. The defendant, Joseph D. Sha-heen, was charged by bill of information with four counts of obscenity in violation of LSA-R.S. 14:106. In KA-3780, the defendant was found guilty as charged on one count of obscenity and was sentenced to six months in Orleans Parish Prison with credit for time served and ordered to pay a fine of $2,500.00. In KA-3781, the defendant was found guilty as charged on three counts of obscenity and was sentenced to serve six months in Parish Prison on each of the three counts and ordered to pay a fine of $2,500.00. All four six month sentences are to run concurrently. Defendant appeals his convictions and sentences.
On June 24, 1983, Detective William Der-byshire, an undercover officer of the New Orleans Police Department, entered the St. Claude Avenue Bookstore in New Orleans and purchased a magazine entitled “Woman on Woman” from the defendant, a cashier at the bookstore. The cover of the magazine depicted two females engaged in oral sex. Officer Derbyshire testified that the covers of many magazines displayed for sale in this bookstore depicted explicit sexual activity.
On three separate occasions in early August, 1983, different police officers entered this same bookstore and purchased from the defendant tokens with which to view a “peep show”. One movie was entitled “Garden Romp”, another was entitled “Berry Pick” and the third movie did not have a title.
It was stipulated at trial that the defendant was the person who sold the magazine to one officer and who sold the “peep show” tokens to the other three officers. After viewing the magazine and the three films, juries in both cases concluded that these materials were obscene and that the defendant’s participation in the distribution of these materials constituted a violation of LSA-R.S. 14:106.
A review of the record for errors patent reveals that the minute entries do not indicate whether or not the defendant was present at arraignment, pleading, jury selection, trial or sentencing in either case. However, the sentencing transcript does reflect that the defendant was present during this phase.
*1198 As for these errors patent, because the defendant has neither alleged any prejudice nor raised this issue on appeal, these errors are harmless. State v. Charles, 450 So.2d 1287 (La.1984).
Additionally, the minute entry in KA-3781 does not reflect that the defendant was sentenced on each of the three counts. However, the sentencing transcript does indicate so. This error is also harmless.
On appeal, the defendant argues that the trial judge erred in denying the defendant’s motion to quash. Specifically, the defendant claims that R.S. 14:106(F) is arbitrary and unreasonable and constitutes a denial of the defendant’s right to equal protection.
R.S. 14:106(F)(1) states as follows:
F. (1) Except for those motion pictures, printed materials, and photographic materials showing actual ultimate sexual acts or simulated or animated ultimate sexual acts when there is an explicit, close-up depiction of human genital organs so as to give the appearance of the consummation of ultimate sexual acts, no person, firm, or corporation shall be arrested, charged, or indicted for any violations of a provision of this Section until such time as the material involved has first been the subject of an adversary hearing under the provisions of this Section, wherein such person, firm, or corporation is made a defendant and, after such material is declared by the court to be obscene, such person, firm, or corporation continues to engage in the conduct prohibited by this Section. The sole issue at the hearing shall be whether the material is obscene.
The defendant argues that this section establishes two categories of potential defendants: (1) people who display motion pictures, printed materials, and photographic material showing actual ultimate sexual acts or simulated or animated ultimate sexual acts when there is an explicit, close-up depiction of human genital organs so as to give the appearance of the consummation of ultimate sexual acts, and (2) people who display potentially obscene material that does not include these actual, animated or simulated ultimate sexual acts. Because only members of the second class and not those of the first class are entitled to a pre-arrest adversarial hearing, the defendant claims that he and other members of this first class are denied equal protection of the laws.
It should first be noted that because an adversarial hearing is not constitutionally required before criminal liability may attach and prosecution may be instituted, the legislature can properly restrict the added protection only to “non-hard core” printed matter, photographs and films. State v. Walters, 440 So.2d 115 (La.1983). Furthermore, the issue of whether or not the disparate procedural treatment accorded to purveyors of different types of obscene material under R.S. 14:106(F)(1) violates the right to equal protection has been squarely addressed by a Louisiana federal court in Pollitt v. Connick, 596 F.Supp. 261 (E.D.La.1984). In the Pollitt case, the court initially pointed out the fact that the challenged classification of R.S. 14:106(F)(1) procedurally divides only the obscene from the arguably more obscene, neither of which is protected by the First Amendment to the Constitution. Pollitt, supra; Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Additionally, the court correctly determined that because displayers of obscene materials are not a suspect or a “semi-suspect” class and because no fundamental rights are being impinged, neither strict scrutiny nor intermediate scrutiny is applicable. Therefore, applying the rational review standard to this case, the court in Pollitt concluded that the disparate procedural treatment accorded by R.S. 14:106(F)(1) to purveyors of different types of obscene materials is constitutional. The court reasoned as follows:
“... The exception created in paragraph F(l) enables the authorities to take immediate legal action against purveyors of material that the legislature has determined is blatently and presumptively ob *1199 scene, without the delays inherent in a pre-arrest adversarial hearing, thereby minimizing public harm. Simultaneously, paragraph F(l) helps to protect the first amendment rights of purveyors of material that is not blatently and presumptively obscene, that may arguably fall within the gray area straddling the border between the obscene and the not obscene, and that may arguably not even be obscene at all. Thus, through paragraph F(l)’s disparate procedural treatment of purveyors of presumptively obscene material and purveyors of material that is not presumptively obscene, the legislature has attempted to achieve a rational balance between protection of the public health, safety and welfare and protection of individual rights ... So long as the legislative classification at issue bears some fair relationship to a legitimate public purpose, as paragraph F(l) clearly does here, this Court is not free to substitute its judgment for that of the legislature. Accordingly, the Court rejects plaintiffs’ contention that LSA-R.S. 14:106F denies them the equal protection of the laws.”
(Italics in original). Pollitt, supra, at 267.
We conclude that the Pollitt case accurately resolves the issue of the constitutionality of R.S. 14:106(F)(1). Because obscene materials are afforded no First Amendment protection and because the classifications of this statute are rationally related to a legitimate State purpose, i.e. the protection of the public health, safety and welfare, the defendant’s argument that he is being denied equal protection of the laws is without merit. Therefore, the defendant’s motion to quash was correctly denied by the trial judge.
In defendant’s second assignment of error, he contends that the evidence presented at trial is insufficient to support a guilty verdict. Specifically, the defense claims that the State failed in its burden of proving scienter or knowledge on the part of the defendant. The defendant contends that the State relied solely on circumstantial evidence, i.e. the defendant’s presence on the premises as an employee, and that no evidence was presented which showed that the defendant had any prior knowledge of the contents of the materials shown to the jury.
In determining the sufficiency of the evidence, this court must view the evidence in the light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In order to support a conviction under R.S. 14:106(F)(1), the State must prove that the defendant:
(1) sold, allocated, consigned, distributed, disseminated, advertised, exhibited, or displayed, or prepared, manufactured, published, or printed for sale, allocation, consignment, distribution, advertisement, exhibition, or display
(2) obscene material, where obscene material is defined as any tangible work or thing which the trier of fact determines (a) that the average person applying contemporary community standards would find taken as a whole, appeals to the prurient interest and (b) depicts or describes in a patently offensive way, hard core sexual conduct specifically defined in R.S. 14:106 A(2), and (c) the work or thing taken as a whole lacks serious literary, artistic, political, or scientific value.
The defense stipulated at trial that the defendant was the person who sold the magazine to one officer and who sold the “peep show” tokens to the other three officers. Thus, the first element has been sufficiently established.
As for the second element of the crime, the jury in this case viewed the magazine and “peep shows” in question and determined that they were obscene. Additionally, this court has reviewed all of the evidence and found it to be patently obscene.
As for the issue of scienter, the defendant concedes that he knew or had cause to know that the materials sold were adult in *1200 nature. However, he claims that he lacked the knowledge that these materials were obscene, in that obscenity is a “legal term of art.”
In State v. Burch, 365 So.2d 1263 (La. 1978), the State’s burden of establishing scienter in an obscenity case was explained as follows:
“The State need not, however, show the defendant knew the legal status of the materials to be obscene. It is sufficient that the State show the defendant either knew or had reason to know the nature of the materials exhibited for distribution.” Burch, supra, at 1266, citing Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).
In addition to defendant’s admission in his appellate brief that he knew or had cause to know that the materials sold were adult in nature, the evidence presented at trial also established the fact that the defendant was well aware of the nature of these materials. The police officer who purchased the “Woman on Woman” magazine from the defendant testified that the cover included an explicit photograph of two females engaged in oral sex and the evidence introduced at trial corroborated his testimony. The officer also testified that many magazines were displayed with covers depicting various explicit sexual acts. The movies were replete with explicit sexual acts. Therefore, the testimony and evidence at trial provides sufficient circumstantial evidence to establish the element of scienter in this case.
For the reasons stated above, the defendant’s convictions and sentences are affirmed.
AFFIRMED.