376 So.2d 1244 (1979)
STATE of Louisiana
v.
George P. ECHOLS & New Orleans, Inc. International Theaters; George P. Echols & Cine Royale, Inc. International Theaters of New Orleans, Inc.; Cine Royale, Inc. & George P. Echols; International Theaters of New Orleans, Inc.; Cine Royale, Inc.
No. 64225.
Supreme Court of Louisiana.
November 1, 1979.
*1245 Michael Silvers, Silvers & Tanet, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
George P. Echols, International Theaters of New Orleans, Inc. (d/b/a Paris Theater), and Cine Royale, Inc. (d/b/a Cine Royale Theater) were charged in six separate bills of information with eleven counts of obscenity in violation of La.R.S. 14:106.[1] On August 21, 1978, after a trial of No. 264-403 before a jury of six persons, George P. Echols and International Theaters of New Orleans, Inc. were found guilty as charged.[2] Subsequently, defendants withdrew their former pleas of not guilty as to the other charges and entered pleas of guilty, expressly reserving their right to appeal the denial of pre-plea motions.[3] After waiving all legal delays, defendants were sentenced *1246 by the trial judge.[4] On defendants' motion, the six cases were consolidated for appeal. Defendants rely on six assignments of error for reversal of their convictions and sentences.

ASSIGNMENTS OF ERROR NOS. 1 AND 3
Defendants contend the trial judge erred in denying their motions to suppress physical evidence. They argue that the seizures were made pursuant to search warrants issued on affidavits which did not recite facts establishing probable cause.
The record reflects that in each case except two,[5] police officers purchased admission tickets at defendant theaters and viewed in their entirety the films that are the subject of these prosecutions. After viewing the films, the officers prepared affidavits in support of the search warrants. The affidavits are fully descriptive, detailing chronologically the "hard-core" sexual conduct portrayed in numerous scenes of the movies. In conclusion, each affidavit states in these or similar words that "throughout [the motion pictures described in this affidavit], exhibition of the genitals and pubic hair as well as the penis in a state of erection are clearly visible. Oral contact including acts of fellatio, cunnilingus and acts of ejaculation are clearly visible. The penetration of the penis into the mouth and vagina is also visible. Breast and breast nipples are also clearly visible." Based on these affidavits, magistrates issued warrants authorizing searches for and seizures of the films, mechanisms used to display the films and records reflecting ownership and employees of the businesses. The search warrants were duly executed at the theaters, and the property described was seized pursuant to said search warrants. Subsequently, bills of information were filed as aforesaid. Defendants' motions to suppress the evidence were denied by the trial judge.
The only issue presented is whether the affidavits in support of the search warrants were sufficient to have permitted the seizures of the allegedly obscene films pursuant to said search warrants for the purpose of preserving them as evidence in these criminal proceedings. The identical issue was presented in State v. B.G.N.O., Inc., 371 So.2d 776 (La.1979), wherein we stated:
The affidavits prepared by the police officers who viewed the two films described in explicit detail numerous scenes of hard-core sexual conduct depicted in the films. Moreover, both affidavits contained a general statement to the effect that such hard-core sexual conduct was displayed throughout the films. Based on our review of the affidavits, we conclude that the police officers supplied factual information more than sufficient to have convinced the magistrate who issued the search warrants that the materials to be seized were probably obscene. Hence, *1247 the trial judge erred in granting defendant's motion to suppress based on the insufficiency of the affidavits.
Similarly, in the instant cases, the affidavits lead us to the conclusion that the police officers supplied factual information more than sufficient to have convinced the magistrates who issued the search warrants that the materials to be seized were probably obscene. Hence, the trial judge did not err in denying defendants' motions to suppress.
Assignments of Error Nos. 1 and 3 are without merit.

ASSIGNMENT OF ERROR NO. 2
Defendants contend the trial judge erred in denying their motions to quash the informations grounded on the claim that the statute under which they were prosecuted is unconstitutional in that it fails to inform them of the nature and cause of the accusation against them and, as to defendant Echols, punishes a status and not an offense.
Article 1, section 13 of our state constitution and the sixth amendment of the federal constitution provide that in a criminal prosecution an accused shall be informed of the nature and the cause of the accusation against him. In State v. Burch, 365 So.2d 1263 (La.1978), and State v. Wrestle, Inc., 360 So.2d 831 (La.1978), rev'd on other grounds sub nom Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), we held that La.R.S. 14:106 adequately informs the accused of the nature and cause of the accusation against him and satisfies the notice requirements of the state constitution. Similarly, in State v. Amato, 343 So.2d 698 (La.1977), we held that the same provision satisfies the notice requirements of the federal constitution.
La.R.S. 14:106(H)(1) provides:
When a corporation is charged with violating this Section, the corporation, the president, the vice president, the secretary, and the treasurer may all be named as defendants. Upon conviction for a violation of this Section, a corporation shall be sentenced in accordance with Subsection G hereof. All corporate officers who are named as defendants shall be subject to the penalty provisions of this Section as set forth in Subsection G.
Echols argues that by virtue of this provision, he is being punished because of his status as an officer of the two corporate defendants. In State v. Wrestle, Inc., supra, a similar contention was made. We stated therein that determination of guilt of obscenity constitutionally required proof of scienter or knowledge; however, the proof may be circumstantial. The state need not show the defendant knew the legal status of the materials to be obscene; it is sufficient that, under the statute, the state be required to show the accused had knowledge of or had reason to know of the character and nature of the contents of the materials for distribution or exhibition of which he was responsible.
La.R.S. 14:106(H)(1) does not attempt to remove the scienter requirement nor to punish Echols solely because of his status as an officer of the corporate defendants. Hence, it is not unconstitutional.
In sum, the statute under which defendants were prosecuted is constitutional. Consequently, the trial judge did not err in denying the motions to quash the informations.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendants contend the trial judge erred in denying their motions to require a unanimous verdict of the six-person jury, thereby resulting in their being deprived of their constitutional right to trial by jury.
On April 17, 1979, the United States Supreme Court, in Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), held that conviction by a non-unanimous six-member jury in a state criminal trial for a nonpetty offense deprived an accused of his constitutional right to trial by jury. Subsequently, in State v. Brown, 371 So.2d 746 (La.1979), we held that the rule of *1248 Burch should not be applied retroactively to juries impaneled prior to the date of the Burch decision.
In the instant case, the jury was impaneled and the trial held on August 21, 1978, almost eight months prior to the date of the Burch decision. Hence, the trial judge did not err in denying defendants' motion to require a unanimous verdict by the jury.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendants contend the trial judge erred in overruling their objection to the admissibility of state's exhibit S-1 on the ground of irrelevancy.
La.R.S. 15:441 provides:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
In State v. O'Quinn, 342 So.2d 202 (La. 1977), we stated:
The evidentiary fact offered does not need to have strong, full, representative value, or to produce persuasion by its role and intrinsic form, but it is sufficient if it is worth consideration by the jury.
In the instant case, the trial judge allowed in evidence an occupational license in defendant Echols' name for the retail concession sales in the Paris Theater over defendants' objection on the ground of irrelevancy.
The trial judge's ruling as to the relevancy of evidence will not be disturbed absent clear abuse of the discretion. State v. Weems, 358 So.2d 285 (La.1978); State v. Winston, 343 So.2d 171 (La.1977); State v. Gallow, 338 So.2d 920 (La.1976). In the instant case, the prosecution was required to show that defendant Echols had the necessary scienter, I. e., had knowledge of or reason to know of the character and nature of the movies shown in the theater of which he was an officer. The occupational license was relevant in that it could provide a basis for an inference that, because he was involved in the concession at the theater, Echols was aware of the nature of the movies shown therein. Therefore, the trial judge did not err in overruling defendants' objection to the admissibility of state's exhibit S-1.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant Echols contends the trial judge erred in denying his motion for a new trial grounded on a claim that the verdict was contrary to the law and evidence. He argues that the evidence was insufficient to prove his knowledge of obscenity.
A motion for a new trial based on the lack of evidence to support the verdict does not raise a reviewable question of law unless it is alleged that there is a total lack of evidence to prove the crime or an essential element thereof. State v. Durio, 371 So.2d 1158 (La.1979); State v. Hodges, 349 So.2d 250 (La.1977), cert. denied, 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978). Where a reviewable question is raised, this court will sustain the motion for a new trial on an evidentiary basis only when there is a total lack of evidence to prove the crime or an essential element thereof. State v. Stowell, 338 So.2d 661 (La.1976); State v. Williams, 323 So.2d 801 (La.1975).
In any event, our review of the evidence admitted at trial convinces us that there was ample evidence by which the jury could reasonably conclude beyond a reasonable doubt that Echols had knowledge or reason to know the nature and character of the films exhibited therein. Echols' name appears in the articles of incorporation of International Theaters of New Orleans, Inc. as a director therein; the occupational license for the concession at the theater was issued in his name; the manager of the theater testified that Echols met with him on several occasions at the theater, sometimes *1249 when the theater was in operation. Hence, the trial judge did not err in denying defendant Echols' motion for a new trial.
Assignment of Error No. 6 is without merit.

DECREE
For the reasons assigned, defendants' convictions and sentences are affirmed.
DENNIS, J., concurs but disagrees with the treatment of assignment of error no. 6.
NOTES
[1] In Nos. 264-403, 265-649 and 266-348, George P. Echols and International Theaters of New Orleans, Inc. were charged in each information with two counts of obscenity. In Nos. 265-642 and 265-679, George P. Echols and Cine Royale, Inc. were charged in each information with two counts of obscenity. In No. 266-349, George P. Echols and Cine Royale, Inc. were charged in the same information with one count of obscenity. Subsequently, the state entered a nolle prosequi as to Echols in all counts of Nos. 265-649, 266-348 and 266-349.
[2] On motion of defendants, the jury was polled as to its verdicts. As to both defendants, the vote was 5-1 on the first count and unanimous (6-0) on the second count.
[3] State v. Crosby, 338 So.2d 584 (La. 1976).
[4] On the first count of Nos. 265-642, 265-679 and 264-403, Echols was sentenced to pay a fine of one thousand dollars and to serve six months at hard labor, suspended, and placed on probation for five years. On the second count of No. 265-642, Echols was sentenced to serve one year at hard labor to be served concurrently with a sentence in the federal district court. On the second count of No. 265-679, Echols was sentenced to serve one year at hard labor to be served consecutively with sentences in No. 265-642 and in the federal district court. On the second count of No. 264-403, Echols was sentenced to serve one year at hard labor to be served consecutively with sentences in Nos. 265-679 and 265-642 and in the federal district court.

Cine Royale, Inc. was sentenced to pay a fine of one thousand dollars on each count of Nos. 265-642, 265-679 and 266-349.
International Theaters of New Orleans, Inc. was sentenced to pay a fine of one thousand dollars on each count of No. 264-403 and five hundred dollars on each count in Nos. 265-649 and 266-348.
[5] The record contains no application for search warrant, affidavit, search warrant or return on search warrant for the films listed in count two of No. 265-642 and count one of No. 265-649. Defendants' motions to suppress are grounded on the claim that the warrants were improperly issued, not that the searches were made without warrants. Moreover, no evidence of warrantless searches was presented at the suppression hearings. Therefore, any objections defendants may have had to the seizure of the films described in count two of No. 265-642 and count one of No. 265-649 are considered waived.