384 So.2d 761 (1980)
STATE of Louisiana
v.
Sybil M. ALFORD.
No. 65617.
Supreme Court of Louisiana.
May 19, 1980.
Rehearing Denied June 23, 1980.
*762 Sybil M. Alford, in pro. per., defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Farmer, Dist. Atty., Antoine Laurent, Asst. Dist. Atty., for plaintiff-respondent.
ELLIS, Justice Ad Hoc.
Defendant Sybil Alford was charged by bill of information with operating a motor vehicle on a public highway in violation of La.R.S. 32:61. Defendant pleaded not guilty and trial was held on August 30, 1979. The trial court found defendant guilty as charged. Defendant was fined twenty-five dollars ($25.00); the fine was suspended. Defendant applied to this Court for supervisory writs to review the judgment of the trial court. This Court granted writs on January 11, 1980.
At trial, the state adduced the following facts: State Trooper Herschel Nobles was patrolling Highway 21 in St. Tammany Parish. Defendant was travelling in her car in the opposite direction on the highway. Nobles picked defendant's car up on his radar unit and turned around and followed her for approximately one mile before she turned onto Highway 16. Nobles testified that defendant's vehicle was travelling at 65 m. p. h. according to his speedometer. The speed limit in that area was 50 m. p. h. Defendant was stopped by Trooper Nobles and issued a speeding citation. At trial, defendant testified, contending that a second car had sped past her vehicle, almost forcing her off the road immediately before the state trooper stopped her. Defendant insisted that Nobles had tracked this second car with his radar, and not her car.
ASSIGNMENT OF ERROR NO. 1
By assignment of error number one, defendant contends that the trial court was in error in placing the burden of proof on the defense, thereby requiring her to prove her innocence. Specifically, defendant points out the language used by the trial court in making its determination of guilt: "Ms. Alford is convinced in her mind and made a valued effort to convince me that she was not speeding. This court appreciates that." Defendant argues that this language indicates that the trial judge felt that she had to convince him that she was not guilty, rather than the defense convincing him that she did exceed the speed limit.

*763 La.R.S. 15:271 provides:
"The plea of not guilty throws upon the state the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant's guilt."
At trial, defendant raised no objection to the trial court's statement or the possibility of misapplication of the burden of proof. We note that Ms. Alford represented herself at trial and represents herself on this appeal. Her pro se status may explain the failure of the defense to object to several possible errors which occurred at trial.[1]See assignments of error numbers 2, 3, 4, and 5, infra. It is well settled that absent a contemporaneous objection, an alleged error or irregularity at trial cannot be reviewed by this Court. La.C.Cr.P., Art. 841; State v. Mitchell, 356 So.2d 974 (La. 1978); State v. Matthews, 354 So.2d 552 (La.1978); State v. Lee, 346 So.2d 682 (La. 1977). Because of an absence of any objections to this assignment of error alleged by defendant, there is nothing before this Court to review.
Furthermore, we note that there is sufficient evidence contained in the record on which the trial court could find defendant guilty beyond a reasonable doubt. Cf. State v. Otis, 339 So.2d 343 (La.1976).
This assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 2, 3 & 5
By these assignments of error, the defense contends that the trial court was in error in relying upon the speed clockings of defendant's radar unit. Defendant specifically alleges that it was error for the trial court to rely on the radar as evidence of speed and also to state that no evidence had been introduced to question whether the radar unit had been properly functioning at the time of defendant's arrest. Defendant also argues that the trial court should not have accepted testimony from the officer about defendant's speed according to his speedometer when no evidence was introduced at trial which would establish the reliability of that instrument.
Trooper Nobles testified at the hearing that he had picked up defendant's vehicle on his radar unit and had followed her for about one mile before pulling her car over. His testimony indicated that defendant's car had been travelling about 65 m. p. h. according to his speedometer. At no time did he testify as to what the exact reading was on his radar unit. He stated that he had initially observed defendant's car by radar, but did not specifically state what the reading on the radar was.
At trial, defendant raised no objections to the admissibility of the radar and speedometer evidence. Because of her failure to object to the introduction of this evidence at trial, there is nothing for this Court to review. These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 4
By this assignment of error, defendant contends that the trial court was in error in accepting the testimony of the state trooper because it was demonstrably untrue.
This Court is prohibited by the state constitution from deciding factual questions. Review by this Court is limited to questions of law. La.Const. art. 5, § 5 (1974). In State v. Tucker, 354 So.2d 521 (La.1978), this Court held:
"This Court's appellate jurisdiction is limited to questions of law, and it will not reverse a conviction on a question of guilt or innocence unless there is no evidence of an essential element of a crimea situation which presents a question of law, it being illegal to convict a person of crime on no evidence."
See also State v. Strother, 362 So.2d 508 (La.1978).
*764 Because we are unable to review questions of fact, we must find that the trial court found that there was some credibility to the testimony of the state trooper. We cannot attempt to determine whether or not the trial court discounted that portion of the testimony found to be erroneous, or found the entire statement to be truthful. These are questions of fact and beyond our scope of review. It appears to us that the trial court made a judgment on the credibility of the witnesses and chose to accept the testimony of Trooper Nobles. See State v. Sullivan, 352 So.2d 649 (La. 1977); State v. Cobbs, 350 So.2d 168 (La. 1977).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 6
By assignment of error number six, defendant contends that the trial court was in error in not allowing her to testify fully about another vehicle allegedly involved with hers at the time of the initial radar sighting.
As noted above, defendant alleged that a second car was near hers at the time Officer Nobles initially observed her car. Defendant claimed that this second car forced her off the road. She cross-examined Trooper Nobles about the second car. The officer denied any knowledge of such a vehicle. The defendant took the stand and testified as to the appearance and behavior of the second car. Defendant was testifying when the trial court interrupted her and informed her that such testimony was not relevant and that the only pertinent question was, "Were you speeding?" The judge added: "I think you have discussed most of it in other statements anyway."
Defendant argues that her testimony was relevant because she was a witness to the incident. She claims that the trial court deprived her of the right to present a defense.
La.R.S. 15:441 provides:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
A trial judge's ruling as to the relevancy of evidence should not be disturbed absent a showing of clear abuse of discretion. State v. Echols, 376 So.2d 1244 (La.1979); State v. Weems, 358 So.2d 285 (La.1978); State v. Winston, 343 So.2d 171 (La.1977).
In the instant case, we would have been concerned that the trial judge had abused his discretion had he refused to allow defendant the opportunity to develop her testimony concerning the second car. The testimony presented the possibility that the state trooper may have tracked the wrong vehicle with his radar. A reading of the record, however, indicates that the trial court interrupted Ms. Alford only after she had testified at length about the second car. In view of defendant's testimony, we find that she was allowed adequately to present her defense concerning the second car. The trial court apparently chose to believe Officer Nobles's version of the facts and discounted defendant's version.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 7
By this assignment of error, the defense contends that the trial court was in error in refusing to allow defendant the right to have the details of her arrest and citation admitted into the record.
Defendant alleged that when Officer Nobles stopped her, he refused to listen to her story about the second car and did not pursue that automobile. Defendant claimed that the officer manifested a hostile and menacing attitude toward her. An investigation of the incident by the Governor's Office was initiated by defendant. She contends that testimony about the trooper's conduct would have been relevant as to his ability properly to perform law enforcement functions. Defendant alleges that it was grave error to deny her the opportunity to raise this question.
We find that the ruling of the trial court was correct. The trooper's conduct after defendant's arrest is not relevant in *765 the instant case: it does not tend to negate the commission of the offense. La.R.S. 15:441, supra.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 8
By assignment of error number eight, defendant contends that the trial court was in error in refusing to allow the introduction of her car into evidence at trial.
At trial, defendant argued that it was impossible for her car to have attained the speed with which she was charged because of the condition of the vehicle, a ten-year old station wagon. As evidence of this, she wanted to drive her car to the court and let the trial judge examine it. The trial court refused to examine the car on the grounds that it would be an improper exercise of its discretion in a misdemeanor proceeding and that there was no assurance that the car was in the same condition the day of trial that it had been on the day that the crime allegedly occurred. The court did hear testimony from defendant and another witness as to the condition of the car.
The decision of the trial court was correct. The condition of the car on the date of trial is not relevant. There was no way that the trial court could dismiss the possibility that the car had been tampered with or driven a great distance before trial, but after the alleged offense. Without any foundation establishing that the car was in the same condition the day of trial that it had been on the date of the offense, the trial court properly excluded the evidence of the car's condition on the day of trial. See generally State v. Echols, supra.
This assignment of error is without merit.
The decision of the trial court is affirmed.
AFFIRMED.
DIXON, C. J., concurs.
WATSON, J., dissents being of the opinion that Assignment # 8 has merit.
NOTES
[1] We note that this result is not unanticipated. In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court stated: "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel."