397 So.2d 1331 (1981)
STATE of Louisiana
v.
Jerry L. BATES and James L. Washington.
No. 80-KA-2298.
Supreme Court of Louisiana.
April 6, 1981.
Rehearings Denied May 18, 1981.
*1332 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Sonia D. Peters & Jim McMichaels, Asst. Dist. Attys., for plaintiff-appellee.
Jeanette G. Garrett, John T. Cox, Leon Emanuel, Howard M. Fish, Shreveport, Office of Public Defender, for defendants-appellants.
BARRY, Justice Ad Hoc.[*]
Defendants Jerry L. Bates and James L. Washington were charged and found guilty of simple burglary, a violation of La.R.S. 14:62; Bates was sentenced to six years and Washington to eleven years at hard labor. A third defendant, James Douglas, pleaded guilty and was sentenced to three and one-half years at hard labor and testified for the State. On this appeal Bates presents five assignments of error and Washington six assignments of error.
Police in Shreveport were alerted by a silent alarm in a Montgomery Ward warehouse which had been closed several hours earlier. The officers entered the warehouse, conducted a search, and found the three men hiding inside the building. The record shows that a number of television sets and clock radios had been removed from their normal storage location and placed near an exit. Douglas admitted his participation in the burglary with Bates and Washington. He testified that the three men had entered the building and began collecting the merchandise with the intent of removing it from the warehouse when police arrived. Bates and Washington presented no evidence or witnesses and did not testify.

ASSIGNMENT OF ERROR NO. 1Bates

ASSIGNMENT OF ERROR NO. 3Washington
Defendants contend that the trial judge erred in denying their challenge for cause of a prospective juror.
The record reveals that Bates had exhausted his six peremptory challenges, whereas Washington had used only five of his peremptory challenges. A defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him unless his peremptory challenges have been exhausted before completion of the panel. State v. Lewis, 391 So.2d 1156 (La.1980); La.C.Cr.P. Art. 800. Accordingly, Bates is entitled to appeal the trial judge's ruling but Washington's assignment of error is without basis for consideration.
Bates relies upon La.C.Cr.P. Art. 797(2) as his basis to challenge the juror for cause:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or *1333 innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
During voir dire the juror was questioned about her understanding of a defendant's right to remain silent. After initially stating she would not presume there was a reason for a defendant's failure to testify on his own behalf, she later stated she felt that an accused should testify; however, as a result of counsel's explanation the juror said she realized it was a defendant's constitutional right to remain silent and she would not hold that silence against the defendant.
During the State's examination of the juror the following exchange occurred involving the defendant's right to remain silent:
State: Ms. Corbett, you indicated earlier that the defendant, if he did not put on any evidence or any testimony, would you have some problems with that?
Juror: Briefly I did, just temporarily.
State: Can you explain what problems you were having with that?
Juror: Well, I just couldn't understand why he wouldn't get up and take the stand, why he wouldn't want, a person who, either one of these gentlemen. I thought, you know, I just felt like that they should get up and testify.
State: Well, do you
Juror: They don't have to, though, is what you explained.
State: Well, you have to understand the law.
Juror: Right.
State: And as we all understand our constitutional rights is the right to remain silent.
Juror: Okay.
State: And so doing, if the State makes an allegation against the person, that person is not in a position or does not, is not obligated to explain himself.
Juror: Well, I really didn't know that.
State: Do you have any problem or personal problems that accepting a
Juror: No, I'll accept it. I'm sure I can.
These answers require no explanation and we are satisfied that this juror did accept the defendant's constitutional right to remain silent.
This same juror stated that she understood all the elements which constitute a burglary and if each element was not proven beyond a reasonable doubt, it was her duty to vote not guilty. She reiterated that understanding when examined by the defense. The following exchange then occurred with defense counsel:
Q That if the State only proves by evidence that there was unauthorized entry, that does not mean that the other two elements have been proven.
A Okay.
Q Can you accept that proposition?
A Yes.
Q You have any problems with that?
A A little.
Q Could you explain, articulate?
A Well, they wouldn't be there if they weren't there to steal something.
The juror showed her comprehension that unauthorized entry, standing alone, was not sufficient to prove intent, but raised doubt as to her understanding of the element of intent. At this point the trial judge questioned the juror and determined to the court's satisfaction that she would accept the law as provided by the court.
Court: All right, sir. Ms. Corbett, can you accept the law as given to you by the court? In other words, what I will explain to you the law is?
Juror: Yes, I can.
Court: Do you understand that the fifth amendment of the constitution states that a man cannot be made to testify against himself?
Juror: Yes.
Court: Which means he can't be put on a witness and required to testify.
Juror: Okay. Uh-huh.
*1334 Court: Do you feel that you could render an impartial verdict according to the law as I give you the law and the evidence as heard from the witness stand?
Juror: Yes, I can.
Court: All right. The court will not challenge Ms. Corbett for cause.
A trial court is vested with broad discretion in ruling on a challenge for cause and that ruling will not be disturbed on appeal absent a showing of an abuse of that discretion. State v. Lewis, supra; State v. Drew, 360 So.2d 500 (La.1978). A review of the entire voir dire is essential to determine if the trial court's discretion has been arbitrary or unreasonable and resulted in prejudice to the accused. State v. McIntyre, 381 So.2d 408 (La.1980); State v. Dickinson, 370 So.2d 557 (La.1979).
The ideal juror would be a person free of any bias, who could fully comprehend the law as provided by the court, and would be capable of assimilating and weighing all of the facts and applying the law in an intelligent and impartial manner. When bias of a juror is questioned we are required to carefully scrutinize the entire voir dire process in order to insure that an accused received a fair jury.
We have said that bias can be removed by rehabilitation. State v. McIntyre, supra; La.C.Cr.P. Art. 797. However, this court has noted instances in which the totality of the circumstances made it unreasonable for the trial court to conclude that a prospective juror could be impartial despite the juror's manifestations that he could. State v. Monroe, 366 So.2d 1345 (La.1978).
The defendant urges a parallel between this juror and the juror in State v. Nolan, 341 So.2d 885 (La.1977), but the voir dire examination in Nolan shows confusion and a lack of comprehension of the propounded questions. The Nolan juror lacked the capacity to understand and only after considerable coaching by the trial court and the State was abuse of discretion found and reversal required.
We do not find any evidence that this juror was confused as a result of questioning by counsel or the court. Her answers were responsive, candid, and resulted in explanations caused by her layman's lack of knowledge of the law.
We conclude that a challenge for cause is not warranted where a juror has volunteered an opinion seemingly prejudicial to the defense, but subsequently upon further inquiry or instruction by the court has demonstrated the ability and willingness to decide the case impartially according to the law and evidence.
The totality of the voir dire examination of this juror convinces us that there was no abuse of discretion by the trial court and no basis to sustain a challenge for cause. This Assignment of Error is without merit.

ASSIGNMENT OF ERROR NO. 2Bates
Defendant Bates contends that the trial court erred in admitting into evidence State exhibit 2, a photograph, without establishing a proper foundation. The photograph showed an aisle of the warehouse with two men sitting on the floor and the leg of a third person behind a row of crates.
An employee of Montgomery Ward's testified that this photograph was of the back portion of the warehouse. Another employee testified that the picture was an accurate depiction of the scene inside the warehouse as he remembered seeing it on the evening of the alleged burglary. A police officer testified that he could identify the photograph as showing the three defendants as he saw them when he arrived on the scene the evening of the alleged burglary.
The State introduced into evidence five photographs which are numbered one through five. During examination of a police detective on identity of State exhibit 2, the prosecutor inadvertently referred to the photograph as State exhibit number 6. Whereupon the detective identified the original three defendants as the men shown in the photograph and that the photograph represented the scene he saw upon his arrival *1335 at the warehouse the night of the alleged offense.
There is no question that a photograph need not be identified by the person who took it to be admissible into evidence. State v. Robertson, 358 So.2d 931 (La.1978).
We conclude that the record shows the guidelines for admissibility have been met, i. e., the photograph is accurate and a correct representation of the subject it depicts and tends to shed light upon the matter before the court. See State v. Legget, 363 So.2d 434 (La.1978).
Accordingly, a proper foundation was made for admissibility of State exhibit 2. This Assignment of Error is without merit.

ASSIGNMENT OF ERROR NOS. 3 & 4 Bates

ASSIGNMENT OF ERROR NO. 5Washington
Defendants contend that the trial court erred in allowing into evidence all five of the State's photographs asserting that they were irrelevant and not the best evidence.
The photographs consisted of five warehouse scenes where the alleged burglary occurred. Photograph number one showed items including radios and a billiard table sitting in front of a freight door which was identified during trial as the door observed to have opened and closed shortly before the police arrived. Photograph number two was discussed in the second assignment above. Photograph number three shows a television set. Photograph number four is the back of the television set. Photograph number five is a view of the television set and radios on top of the billiard table.
The warehouse manager for Montgomery Ward's testified that the pictures accurately depicted the inside of the warehouse. He also testified that the items shown near the warehouse exit had not been in that location when the building was locked and secured shortly before the alleged burglary. The manager insisted that the items, all property of Montgomery Ward's, had been in a designated location on the other side of the warehouse when he left work. His certainty stemmed from having conducted a routine daily inventory check prior to closing. In addition, a police lieutenant testified that he was present when each photograph was taken and the photos reflect the placement of the merchandise at the time the defendants were arrested.
The defendants' reliance upon relevancy is governed by La.R.S. 15:441:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain the relevant fact, or which support an inference raised by such fact, are admissable.
The state introduced these photographs to show that the defendants were on the premises and that placement of the merchandise showed the intent to commit a burglary. It is now settled that a trial judge's determination regarding the relevancy of evidence will not be over-turned absent a clear abuse of discretion. State v. Stramiello, 392 So.2d 425 (La.1980); State v. Alford, 384 So.2d 761 (La.1980); State v. Echols, La., 376 So.2d 1244; State v. Weems, 358 So.2d 285 (La.1978).
Defendant Bates further urges that the photographic evidence should not have been admitted because they were not the best evidence. The best evidence rule in La.R.S. 15:436 provides:
The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced.
We fail to see how the defendant was prejudiced under the best evidence rule. If the defendant was, in fact, impaired by introduction of the photographs, it was because of the reality of the photographs and not due to any procedural defect. Further, there is no showing of prejudice by introduction of the photographs in lieu of the actual items depicted in the photographs. Under La.R.S. 15:436.1 a photograph of property alleged to be the object of a theft, which is otherwise admissible *1336 may be admitted into evidence without regard to the availability of the property itself.
We find no merit in these Assignments of Error.

ASSIGNMENT OF ERROR NO. 5Bates

ASSIGNMENT OF ERROR NO. 4 Washington
Defendants contend that the trial court erred in over-ruling their objection to use of a portion of a requested State's special jury charge.
The State requested the following special jury charge:
"The slightest asportation of anything of value, the slightest deprivation for the slightest period of time, the slightest segregation of the property moved the slightest distance is sufficient to satisfy the elements of a theft. A theft occurs, when the thing is taken, although it may remain in possession of the thief for only seconds."
The trial judge denied the first sentence but included the second sentence in his jury charge. Defendants contend that inclusion of the second sentence was error because it was adequately covered in the general charge.
La.C.Cr.P. Art. 807 provides in pertinent part:
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
The adopted portion of the State's requested charge is a correct statement of the law. It did not require explanation or qualification, nor did it concern a matter or concept which was adequately covered in the general charge. Most importantly, the trial court did instruct the jury that although a theft may occur as soon as the thing is taken, an essential element of that offense was the intent to permanently deprive as provided under La.R.S. 14:67.
We therefore hold that the jury was properly instructed and this Assignment of Error is without merit.

ASSIGNMENT OF ERROR NO. 6Washington
Defendant Washington contends that his sentence of eleven years at hard labor is excessive under La.Const. Art. I, § 20.
This court has held that a sentence within statutory limits may in fact violate a defendant's constitutional right against excessive punishment. State v. Spencer, 374 So.2d 1195 (La.1979). Our concern is compliance with La.C.Cr.P. Art. 894.1 and the wide discretion afforded a trial judge in this statutory guideline.
The trial judge had requested a pre-sentence investigation report and conducted a hearing before pronouncing sentence. When afforded an opportunity to speak the defendant asked for probation but presented no mitigating circumstances on his behalf. The trial judge examined and noted the defendant's past criminal record plus the fact he was on probation for first degree assault in the State of Washington. The trial judge then stated he was applying the guidelines of La.C.Cr.P. Art. 894.1, but concluded that the sentence was predicated primarily on the defendant's prior criminal record.
It appears the trial judge's specific application of the sentencing guidelines were minimal; however, he reviewed the pre-sentence investigation report and noted the lack of any mitigating circumstances. We feel the trial judge adequately articulated a basis in support of the defendant's sentence and that there was an implicit finding of an undue risk of further criminal behavior, a need for continued correctional environment, and that a lesser sentence would deprecate the seriousness of the charged offense.
Considering this particular offender and the offense for which he was convicted, we fail to find the sentence severe nor is it grossly out of proportion. See State v. Cox, 369 So.2d 118, 121 (La.1979); State v. Bonanno, 384 So.2d 355 (La.1980).
This Assignment of Error lacks merit.

*1337 DECREE
For the foregoing reasons the conviction and sentence of each defendant is affirmed.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The prospective juror, Sadie Corbett, expressed a problem in understanding that the state was required to prove intent to steal when the circumstances raised an inference of that intent. No one specifically explained to her the legal effect of circumstantial evidence, but the trial judge did determine that she would accept and apply the law that would be outlined in his instructions. Under those circumstances I cannot say that the trial judge erred in refusing to excuse the prospective juror for cause.
NOTES
[*] Judges Jim Garrison, Lawrence A. Chehardy and Denis A. Barry of the Fourth Circuit participated in this decision as Associate Justices Ad Hoc, joined by Justices Calogero, Marcus, Blanche and Lemmon.

Lemmon, J., concurs and assigns reasons.