PRICE, Justice Ad Hoc.*
Defendant, John R. Kennedy, was charged with operating a motor vehicle on a public highway at a rate of speed in violation of La.R.S. 32:61. Defendant was found guilty and sentenced to pay a fine of sixty dollars, which was suspended. He was also ordered to pay court costs of twenty-three dollars. Remedial writs were granted by this court to review the convic *1083 tion of the accused whose conviction allegedly was obtained through the use of radar equipment without any evidence of the reliability or accuracy of the equipment being presented at trial.
The state elicited the following testimony from State Trooper Andrew Rafaleowski at trial. On April 6, 1980, at approximately 7:55 p. m., Trooper Rafaleowski, traveling in a southerly direction, was patrolling U.S. Highway 71 in Rapides Parish when a signal/alarm on his radar unit indicated the presence of a speeding vehicle. The officer’s attention was immediately directed to the opposing lanes of traffic where he observed defendant’s car passing a northbound pickup truck. He then locked his radar display onto the targeted vehicle’s speed and proceeded to cross the median, turning his squad car around, and headed north. Trooper Rafaleowski pursued defendant, stopped him, and issued him a speeding citation.
Trooper Rafaleowski testified that according to the radar unit in his squad car, the defendant’s vehicle was traveling at 71 miles per hour. The posted speed limit in that area was 55 miles per hour. The officer testified that his squad car is equipped with a Decatur radar apparatus which had been set to detect vehicles traveling at speeds over 65 miles per hour. He further testified that he had personally checked the calibration of his unit before beginning his patrol duties at about 3:00 p. m. on the day of the offense by checking the radar display’s indication of speed against two pre-calibrated tuning forks supplied by the radar manufacturer. According to his testimony, the tests showed the radar unit to be operating properly. No objection was made by defendant to any of the testimony of Trooper Rafaleowski.
When the state rested its ease counsel for defendant moved for a directed verdict of acquittal claiming that the state failed to prove its case beyond a reasonable doubt because it did not establish the accuracy of the radar unit or the manufacturer’s tuning forks. The trial court denied the motion.
In defendant’s sole assignment of error, he contends the trial court erred in denying his motion for acquittal when the state failed to establish a prima facie case against him. More specifically he alleges that the state failed to produce any evidence regarding the reliability of stationary or moving radar as an indicator of vehicular speed, and that the state presented no evidence establishing the accuracy of Trooper Rafaleowski’s radar equipment on the date of the offense. He thus contends the trial court was in error in relying upon the speed clockings of the officer’s radar unit when a proper foundation for its admittance was not laid.
During the direct examination of Trooper Rafaleowski by the state, defendant raised no objections to the admissibility of the radar and speedometer evidence. In the absence of a contemporaneous objection, an alleged error or irregularity at trial cannot be reviewed by this court. La.C.Cr.P. Art. 841; State v. Mitchell, 356 So.2d 974 (La. 1978); State v. Matthews, 354 So.2d 552 (La.1978); State v. Lee, 346 So.2d 682 (La. 1977); State v. Alford, 384 So.2d 761 (La. 1980). Because of defendant’s failure to object to the introduction of this evidence at trial, there is nothing for this court to review. This assignment of error is without merit.
The decision of the trial court is affirmed.

 Judges O. E. Price of the Court of Appeal, Second Circuit, G. William Swift, Jr., of the Court of Appeal, Third Circuit, and Fred W. Jones, Jr., of the Court of Appeal, Second Circuit, participated in this decision as Associate Justices ad Hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., James L. Dennis, and Jack C. Watson.