BARRY, Justice Ad Hoc *.
Dalton Joseph was found guilty of violating LSA-R.S. 14:64 relative to armed robbery and sentenced to fifty years at hard labor. His appeal presents two assignments of error.
Two young males entered the All American Jeans store on Veterans Memorial Boulevard in Jefferson Parish. A sales clerk, Raimee Marmillion, offered assistance and the men proceeded to try on various clothes. One of the men then went to the counter with some clothes while the other roamed about the store. Marmillion asked the man at the counter if the purchase would be cash or charge and he responded by pointing a gun at the cashier, Brenda Williams, and demanded “all the money you have”. The other man approached with more merchandise which he stuffed into a store bag. The cashier and saleslady were told to go into the back room and the robbers fled. *713 The saleslady pulled a silent alarm and ran out of the store while the cashier called for help. The robbery netted an estimated $500.00 plus the merchandise.
The cashier could not describe the two men except for their wearing apparel and dark complexion. She was not asked to view any photographs and no attempt was made to have her identify the defendant in court. The saleslady, an artist, said she viewed both men for about fifteen minutes prior to the robbery and drew sketches of the robbers’ faces on the night of the incident. She positively identified each of the men in a photographic lineup, picking out this defendant from a set of five black and white pictures, and his companion from a set of five color snapshots.[1] The saleslady also made a positive in-court identification of the defendant as the unarmed assailant.
ASSIGNMENT OF ERROR NO. 1
At the defendant’s request a writ of habeas corpus ad testificandum had been issued to the Jefferson Parish Sheriff to produce Eddie Landry, the defendant’s alleged partner, who was in custody. When defense counsel called Landry to testify the State warned that Landry’s attorney should be present because of his pending robbery charge. Defense counsel then suggested that the court advise Landry that he would not have to testify and stated he only wanted to ask two questions: first, why Landry shaved off his goatee and combed his hair differently; second, if a charge was pending against him for robbery of the All American Jeans store. Defense counsel stated his purpose was to have the jury view Landry in order to physically compare him with the defendant in an effort to establish misidentification because of their alleged similar appearance. The State objected to Landry’s appearance based on lack of materiality and the Court sustained the objection saying Landry’s appearance was irrelevant.
Defense counsel contends that the similarity in appearance between Landry and the defendant would have underscored for the jury the possibility that the saleslady made a mistake. The defense argues that the trial court’s ruling denied the defendant his constitutional right to present a defense and compel the attendance of a witness on his own behalf. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); La.Const., Art. 1, Sec. 16.
Landry’s appearance could have had probative value on the possibility the victim misidentified the defendant. However, the defendant does not articulate how he would argue misidentification and we do not find abuse of discretion in refusing to compel Landry’s appearance under the circumstances of this case. The trial judge saw the defendant and was in a position to compare him with the photographs of Landry. We compared the photographs of Landry and Joseph and find no facial similarity. A trial judge’s ruling as to the relevancy of evidence should not be disturbed absent a showing of clear abuse of discretion. State v. Alford, 384 So.2d 761 (La.1980); State v. Echols, 376 So.2d 1244 (La.1979). We are cognizant of a defendant’s right to compulsory process but find no error under these facts.
ASSIGNMENT OF ERROR NO. 2
The defendant requested a special jury instruction that evidence under the control of a party which is not produced should be considered detrimental to that party. LSA-R.S. 15:432. This instruction was requested because the State didn’t use the sketches of the two robbers drawn by the saleslady. The trial judge denied the requested jury charge stating that the charge was not supported by the evidence.
It was during closing argument when defense counsel first questioned why the *714 State didn’t produce the sketches and the requested charge was not submitted until after argument. We reject this assignment of error because La.C.Cr.P. art. 807 provides in pertinent part:
“The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun.”
$ $ ‡ sf: sjs if:
The defendant’s tardy requested charge denied him an absolute right to have the charge considered; rather, the decision fell within the sound discretion of the trial judge. State v. Morris, 397 So.2d 1237,1250 (La.1981). The State is not obligated to use all evidence in its files and the defendant doesn’t claim the sketches would have been beneficial to the defense. Defense counsel’s discovery motion made a general request to inspect relevant papers or tangible objects within the custody of the State. The State responded it would comply with a court order but none was requested. This assignment of error is without merit.
The conviction and sentence are affirmed.
AFFIRMED.

 Judges Patrick M. Schott, Lawrence A. Chehar-dy and Denis A. Barry of the Fourth Circuit participated in this decision as Associate Justices Ad Hoc, joined by Justices Calogero, Dennis, Watson, and Lemmon.

. Eddie Landry, the defendant’s alleged partner, had been arrested by the Kenner Police Department and was in possession of several pairs of jeans and shirts from All American Jeans, as well as a .22 automatic revolver. The police were aware that Landry was an associate of Joseph which resulted in the photographs used to identify both men. Separate bills of information charged each man with armed robbery.