DOUCET, Judge.
Defendant, Aubrey L. Hudnall, was charged by bills of information with two counts of obscenity, violations of LSA-R.S. 14:106(A)(1). On April 6, 1983, the trial court, sustained defendant’s motion to quash the bills of information. The State requested review of that ruling. The writ was granted. The State assigns one assignment of error:
The trial court erred in granting the motion to quash the bills of information despite the fact the bills had been previously amended to be in compliance with the requirements of the Code of Criminal Procedure.
*645 FACTS:
The original bills of information filed against defendant stated:
“[o]n or about the 23rd day of December, 1982 [and the 11th day of January, 1983] while in LaSalle Parish, Louisiana, Aubrey L. Hudnall did commit obscenity by showing his body in a public place thereby violating LSA-R.S. 14:106(A)(1).”
Defendant filed a motion to quash the bills alleging, among other things, that they did not state the essential facts constituting the offense charged. Upon order of the trial court, the State amended the bills of information on March 2, 1983. The new bills read in pertinent part:
“Aubrey L. Hudnall committed the offense[s] of obscenity by exposing [sic] his genitals to Wanda Arnold in a public place in a manner that was patently offensive on December 23, 1982.” *
Thereafter, on March 23,1983, defendant filed another motion to quash alleging essentially the same grounds. After a hearing on the matter, the trial court sustained the motion on the grounds that the bills of information were “excessively vague.”
It is axiomatic that the defendant is entitled to be informed of all the essential elements of the crime for which he is charged so that he can adequately prepare for trial. State v. Meunier, 354 So.2d 535 (La.1978). Defense contends that when a defendant faces a bill of information which pleads legal conclusions, his proper remedy is a Motion to Quash, citing State v. Hebert, 205 La. 110, 17 So.2d 3 (1944). Defense contends the language “patently offensive” is a vague legal conclusion. However, the Supreme Court has declared that there is no constitutional requirement that the bill of information of itself must inform the accused of the essential facts of the offense charged. State v. Gainey, 376 So.2d 1240 (La.1979). See also, State v. Guillory, 404 So.2d 453 (La.1981). In Gainey, supra, the court stated:
“[T]here is no reason to continue to refuse to allow the supplementation of an indictment by a bill of particulars. We therefore hold that although the bill of information charging the defendant fails to set forth the essential facts of the offense charged, his proper remedy is not a motion to quash, but a request for a bill of particulars.”
Compare: City of New Orleans v. Owen, 355 So.2d 1297 (La.1978).
LSA-R.S. 14:106(A)(1) states in pertinent part:
“The crime of obscenity is the intentional exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.” [Emphasis added.]
It is axiomatic that a criminal statute must give reasonable notice of the conduct prescribed. Art. 1, Section 13 La. Const. 1974; U.S.Const., Sixth Amendment; Hamling v. U.S., 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). It is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. U.S. v. Carll, 105 U.S. 611, 26 L.Ed. 1135 (1882); Hamling v. U.S., supra. The term “patently offensive” was found acceptable in Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966). See also: Jenkins v. Georgia, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974) and Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).
The amended bills of information trace the obscenity statute almost verbatim and set forth all of the essential elements of the offense. Therefore, the trial court’s declaration that the bills were “excessively vague” is essentially a comment on the statute’s constitutionality. The State notes the Supreme Court has stated that the *646 phrase “patently offensive”, as used in LSA-R.S. 14:106(A)(2), provides adequate notice of the proscribed activity as to satisfy federal due process and similar notice requirements of the Louisiana Constitution. State v. Wrestle, Inc., 360 So.2d 831 (La.1978); State v. Burch, 365 So.2d 1263 (La.1978) reversed on other grounds, Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979). See also: State v. Echols, 376 So.2d 1244 (La.1979).
Although state and federal jurisprudence describing obscenity is at best conflicting and at times confusing, this court and the trial court are duty bound to follow the statements of the Louisiana Supreme Court in assessing attacks on such statutes. Inasmuch as the term “patently offensive” was not found to be defective in Westly, Burch and Echols, we believe the same would be said of the phrase as used in LSA-R.S. 14:106(A)(1).
For the reasons stated above, the ruling of the trial judge is reversed, the Motion to Quash is denied and the case is remanded.
REVERSED AND REMANDED.

The bill charging him for the January 11th act committed on Christy Smith reads the same.