GUIDRY, Judge.
Defendant, Eddie Wayne Holbrook, was convicted by a six person jury of simple burglary in violation of La.R.S. 14:62 and was sentenced to three years in the parish jail.
On appeal, the following assignments of error are raised:[1]
1. The trial court erred in refusing to excuse prospective juror Wallace for cause;
2. The trial court erred in restricting defense counsel’s voir dire examination of prospective juror Woodard;
5. Defendant’s conviction was based on insufficient evidence;
6. The trial court erred in denying defendant’s motion for judgment of acquittal; and,
7.The trial court erred in denying defendant’s motion for a new trial.
FACTS
On February 19, 1983, Mrs. Bessie Ed-monson, after visiting her daughter, returned to her residence in Fishville, Louisiana; and discovered that the doors to her home had been broken open and several items had been taken. The items included a new floral bedspread, a number of pots and pans, dishes and some frozen food, including a roast.
On February 21, 1983, pursuant to a warrant, defendant was arrested at the residence of Opal Bryant in Alexandria, Louisiana, for the burglary of Mrs. Edmonson’s residence. After obtaining the consent of Opal Bryant, officers proceeded to search her home. This search resulted in the recovery of the pots and pans and the frozen food taken from the Edmonson house. These items were subsequently returned to Mrs. Edmonson.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in denying his requested challenge for cause of a prospective juror, Mr. Wallace, thereby forcing defendant to use a peremptory challenge. Defendant subsequently exhausted all of his peremptory challenges. Specifically, defendant contends that Mr. Wallace could not have been an impartial juror as indicated by his answer to a question on voir dire pertaining to the presumption of innocence. The record reflects that when asked if he felt an innocent man could be brought to court, Mr. Wallace replied, “If he was arrested, he had to have done something, I figure.”
La.C.Cr.P. Art. 797 provides:
“The state or the defendant may challenge a juror for cause on the ground that:
*584 (1) The juror lacks a qualification required by law;
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
(4) The juror will not accept the law as given to him by the court; or
(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.” (Emphasis added).
A trial court is vested with broad discretion in ruling on a challenge for cause and that ruling will not be disturbed on appeal absent a showing of an abuse of that discretion. State v. Sugar, 408 So.2d 1329 (La.1982); State v. Bates, 397 So.2d 1331 (La.1981); State v. Lewis, 391 So.2d 1156 (La.1980); State v. Drew, 360 So.2d 500 (La.1978). A review of the entire voir dire is essential to determine if the trial court’s exercise of its discretion has been arbitrary or unreasonable and resulted in prejudice to the accused. State v. Bates, supra; State v. McIntyre, 381 So.2d 408 (La.1980).
After carefully reviewing the entire voir dire examination of Mr. Wallace, we find that the trial court did not abuse its discretion in denying defendant’s challenge for cause. Later in the examination, Mr. Wallace indicated that he would render a verdict based upon what was said on the witness stand. Clearly, the trial court was then satisfied that Mr. Wallace was capable of putting aside his own opinion and. rendering an impartial decision based upon the evidence adduced at trial. We too are satisfied that he could. Furthermore, our review of the record reveals that defense counsel did not object to the trial court’s refusal to sustain the challenge for cause of Mr. Wallace. Under La.C.Cr.P. Art. 800 A, “A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him unless an objection thereto is made of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection.”[2] In light of the above, we find this assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court erred in restricting defense counsel’s voir dire examination of Mrs. Woodard, a prospective juror. Specifically, defendant contends that he was unable to learn Mrs. Woodard’s opinion on his right not to take the stand and testify.
In State v. James, 431 So.2d 399 (La.1983), certiorari denied, 464 U.S. 908, 104 S.Ct. 263, 78 L.Ed.2d 247 (1983), the Louisiana Supreme Court examined an accused’s right to full voir dire examination of prospective jurors and stated:
“An accused in Louisiana is guaranteed the right to “full voir dire examination of prospective jurors_” La. Const. 1974, art. I, § 17; Cf. La.C.Cr.P. art. 786. In general, whether a particular question is essential to full voir dire is within the sound discretion of the trial judge. State v. Parker, 416 So.2d 545 (La.1982); State v. Robinson, 404 So.2d 907 (La.1981); La.C.Cr.P. art. 786. His rulings thereon will not be disturbed in the absence of a clear misuse of discretion. State v. Parker, supra. However, because the right to full voir dire exami *585 nation has a constitutional basis, wide latitude should be given the defendant to test prospective jurors’ competency and impartiality. Nevertheless, the purpose of voir dire examination is not to elicit jurors’ opinions concerning particular evidence to be offered at trial. State v. Parker, supra; State v. Robinson, supra; State v. Murray, 375 So.2d 80 (La.1979).”
In the present case, defense counsel asked Mrs. Woodard whether she would hold it against the defendant if he did not take the witness stand and testify and she replied, “No. I don’t think I would. No.” Defense counsel then asked Mrs. Woodard if she would want to know why defendant did not take the stand and testify. At this point, the State objected and the trial court sustained the objection. The trial court noted that Mrs. Woodard had already stated that she would not hold defendant’s decision not to testify against him. .The trial court added that to allow defense counsel to go into the reasons why a prospective juror would feel that way is to go too far on voir dire. We do not find that the trial court abused its discretion in restricting defense counsel’s voir dire examination of Mrs. Woodard after she had already indicated that should defendant elect not to testify she would not hold it against him. Thus, we find this assignment of error without merit.
ASSIGNMENTS OF ERROR NOS. 5, 6 AND 7
By these assignments, defendant argues that there was insufficient evidence upon which to sustain his conviction and therefore, his conviction must be reversed.
The crime for which defendant was convicted, simple burglary, is defined in La. R.S. 14:62 as follows:
“Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.”
In State v. Nealy, 450 So.2d 634 (La.1984), our Supreme Court made the following comments concerning the standard of review for the sufficiency of evidence to be employed by appellate courts:
“The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The statutory rule as to circumstantial evidence is that assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. This statutory rule is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever the state relies on circumstantial evidence to prove an element of the crime. State v. Wright, 445 So.2d 1198 (La.1984). Ultimately, the Jackson standard is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. State v. Wright, supra; State v. Sutton, 436 So.2d 471 (La.1983). The statutory rule provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. Thus, although the circumstantial evidence rule (La.R.S. 15:438) may not establish a stricter standard of review than the more general reasonable juror’s reasonable doubt formula, it emphasizes the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. *586 State v. Wright, supra; State v. Sutton, supra; State v. Chism, 436 So.2d 464 (La.1983).”
In order to address this issue fully, we will reiterate the facts as set forth earlier in the opinion and elaborate where necessary. At trial, Mrs. Edmonson testified that on February 19, 1983, after visiting her daughter, she returned to her home in Fishville, Louisiana, and discovered that all the doors to her house had been broken open. The inside of the house was in a terrible mess. A brand new floral bedspread, dishes, pots and pans, other cooking utensils and some frozen food had been taken.
Mrs. Opal Bryant testified that she had known defendant since April or May of 1982. Mrs. Bryant added that on a Saturday night in mid-February, 1983, while defendant was residing at her home, she and defendant drove to Fishville to visit defendant’s mother. When they arrived at the mother’s home, they observed a number of cars parked there so they did not stop. According to Mrs. Bryant, they drove to a “lady’s house” and defendant stepped out of the vehicle and proceeded toward the house. Defendant told Mrs. Bryant that he was going into the house to retrieve some items of his.[3] Mrs. Bryant left the home and went to a nearby bathroom facility. When she returned, defendant came from the vicinity of the house, at which she had previously stopped, carrying frozen food, pans and other items wrapped in a floral bedspread. Subsequently, Mrs. Bryant and defendant returned to her residence in Alexandria.
Officer W.A. Paul of the Grant Parish Sheriff’s Office testified that on February 21, 1983, two days after the burglary, defendant was arrested at Mrs. Bryant’s house by the Alexandria Police Department. Mrs. Bryant consented to a search of her home by Officers Paul and Lamkin. The stolen property was confiscated and later returned to Mrs. Edmonson.
Although no one actually saw defendant enter Mrs. Edmonson’s residence, the circumstantial evidence sufficiently excludes every other reasonable hypothesis. Defendant denied entering Mrs. Edmonson’s home and knowing anything about the stolen items. Obviously, the jury chose not to believe him. Mrs. Bryant indicated that defendant told her he was going into the house; she later saw him returning from near the house with the items. Mrs. Ed-monson indicated at trial that defendant was not authorized to enter her house.
Viewing these facts and circumstances in a light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that defendant committed the crime of simple burglary. Hence, these assignments of error are without merit.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Assignments of error Nos. 3, 4 and 8 as perfected in the trial court were not briefed nor argued on appeal. Assignments of error which are neither briefed nor argued are considered abandoned. State v. Perry, 420 So.2d 139 (La.1982); State v. Blanton, 325 So.2d 586 (La.1976).

. The above cited version of Art. 800 A became effective on August 30, 1983 and, thus, was in effect at the time of this trial.

. This testimony was not objected to at trial.